UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:22-CR-35 JD |
| JUSTIN OVERHOLSER | |

**OPINION AND ORDER**

On February 15, 2023, this Court accepted Defendant Justin Overholser's plea of guilty to Count 1 of the Indictment for theft of a firearm from a federal firearms licensee, in violation of 18 U.S.C. § 922(u). (DE 30.) Probation then prepared its Presentence Investigation Report ("PSR"), to which Overholser filed several objections. (DE 35.) One of these objections asserted in a conclusory fashion that "[t]he limitation imposed on Mr. Overholser's right to possess a firearm violates his rights guaranteed by the 2nd Amendment to the U.S. Constitution." (*Id.* at 1.) The Court then gave Overholser the opportunity to develop this objection, and his other objections, in a supplemental brief. (DE 37.) Overholser has filed that supplemental brief (DE 38), and the Government has responded. (DE 39.) Accordingly, the objections are now ripe for review.

**A.     Discussion**

Overholser raises three objections to the PSR. First, he objects to the calculation of his base offense level in paragraph 24 of the PSR. Overholser argues that the base offense level, as calculated by Probation, depends on him being an unlawful user of controlled substances under 18 U.S.C. § 922(g)(3), which he asserts is unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and also void for vagueness. (DE 35 at 1; DE 38 at 1–5.) Second, Overholser objects to Probation assigning one criminal history point in paragraph

44 of the PSR for his plea of guilty to possession of a narcotic drug because his plea agreement has not yet been accepted by the court. (DE 35 at 7; DE 38 at 6.) Third, Overholser objects to Probation assigning three criminal history points in paragraph 41 for a burglary conviction, arguing that the burglary was relevant conduct to the instant offense. (DE 35 at 8; DE 38 at 6–9.) The Court will consider each objection in turn.

### (1) Base Offense Level in Paragraph 24

The Guideline for a violation of 18 U.S.C. § 922(u) is Guideline § 2K2.1. Under § 2K2.1(a)(6), a defendant's base offense level is 14 "if the defendant . . . was a prohibited person at the time the defendant committed the instant offense." USSG §2K2.1(a)(6). In the application notes to that guideline section, it advises that "'prohibited person' means any person described in 18 U.S.C. § 922(g) or § 922(n)." USSG §2K2.1, comment. (n.3). Under 18 U.S.C. § 922(g)(3), it is "unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . [to] possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(3). In his PSR, Overholser reported that, in the year prior to his arrest on May 17, 2022, he used "heroin on most days," "five to 10 hydrocodone pills per day," and methamphetamine occasionally. (DE 34 at 11.) Accordingly, Probation found that Overholser was a prohibited person as described in Guideline §2K2.1(a)(6) and 18 U.S.C. § 922(g)(3) and calculated his base offense level as 14. (DE 34 ¶ 24.)

Overholser argues that increasing his base offense level because of his unlawful user status is unconstitutional after *New York Rifle & Pistol Association v. Bruen*, 142 S.Ct. 2111 (2022). (DE 38 at 2.) In *Bruen*, the Supreme Court laid out a two-prong test to determine whether a regulation violated the Second Amendment: (1) a court determines whether the plaint text of the Second Amendment covers the conduct at issue, *Id.* at 2129, 2134–35; and (2), if the Second

2

Amendment does cover the conduct, a court must determine whether the Government has established the regulation is consistent with the historical tradition of firearms regulation in the United States. *Id*. at 2129–30. This Second Prong requires the use of "historical analogies," where the Court compares historical firearm regulations with the modern one and determines whether the two are "relevantly similar." *Id.*

This Court previously applied this test and upheld the constitutionality of § 922(g)(3) in *United States v. Posey*, No. 2:22-CR-83 JD, 2023 WL 1869095, at *5 (N.D. Ind. Feb. 9, 2023). There, this Court found two types of historical firearm regulation sufficiently analogous: (1) regulations by state legislatures restricting the right of habitual drug users or alcoholics to possess or carry firearms; and (2) historical regulations preventing dangerous persons, such as felons and the mentally ill, from possessing firearms. *Id.* at 7–10. This Court's analysis in *Posey* was highly detailed, examining multiple Seventh Circuit cases, as well as many other district court opinions from throughout the nation. For example, in reaching its holding, this Court relied on *United States v. Yancey*, 621 F.3d 681, 684 (7th Cir. 2010), where the Seventh Circuit, pre-*Bruen*, upheld 922(g)(3), reasoning that numerous state legislatures had "entrenched" regulations "restrict[ing] the right of habitual drug users or alcoholics to possess or carry firearms." In *Posey*, this Court also explained how numerous other district courts had relied on *Yancey* to reject challenges to § 922(g)(3) that arose after *Bruen*. Furthermore, multiple courts have cited *Posey*, approving of its reasoning. *See United States v. Scheidt*, No. 1:22-CR-49-HAB, 2023 WL 2865349, at *2 (N.D. Ind. Apr. 10, 2023) (citing *Posey* and explaining that the "reasoning in [it] doom[s] any attempt made by Defendant to immunize her conduct or challenge the lawfulness of § 922(d)(3) or (g)(3)."); *United States of America v. Ladd*, No. 2:22-CR-057-PPS-APR, 2023 WL 4105414, at *5 n.5 (N.D. Ind. June 21, 2023) (citing *Posey* and explaining that the court

finds "persuasive decisions of lower courts in this circuit, which have concluded that laws prohibiting a user or addict of controlled substances from possessing or receiving a firearm are constitutional in light of *Bruen*").

In his brief, Overholser does not address *Posey* or raise any points that would call that analysis into question. Furthermore, Overholser makes no attempt to distinguish *Yancey* or any of the other cases this Court previously discussed in *Posey*. Given that Overholser has not differentiated this case from *Posey*, the analysis from that case equally applies here. Therefore, the Court again finds that § 922(g)(3) is constitutional. Overholser has also withdrawn his previous objection based on "unlawful user" being void for vagueness. Accordingly, the Court overrules Overholser's objection to Paragraph 24 of the PSR.

### *(2) Criminal History Point in Paragraph 44*

Paragraph 44 of the PSR assigns one criminal history point to Overholser for entering a plea of guilty to possession of a narcotic drug. (DE 34 ¶ 44.) Under Guideline §4A1.1(c), a defendant receives one criminal history point "for each sentence" that is below sixty days in length. USSG §4A1.1(c). Under Guideline §4A1.2(a)(4), "[w]here a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under §4A1.1(c) if a sentence resulting from that conviction otherwise would be countable." USSG §4A1.2(a)(4).

Overholser argues that no points may be awarded under Guideline §4A1.1(c) because the court "withheld acceptance of the plea agreement" and so there "is no conviction." (DE 38 at 6.) However, Guideline §4A1.2(a)(4) specifies that a "[c]onvic[tion], for the purposes of this provision, means that the guilt of the defendant has been established, whether by *guilty plea*, trial, or plea of *nolo contendere*." USSG §4A1.2(a)(4) (emphasis added); *see also United States*

4

*v. Williams*, 899 F.3d 659, 665 (8th Cir. 2018) ("[T]he Guidelines are clear that the conviction attaches when the defendant's guilt is established, not when a formal entry of judgment is made."); *United States v. Driskell*, 277 F.3d 150, 154–57 (2d Cir. 2002) (same). The order addressing Overholser's change of plea expressly states that "the Defendant understands the nature of the charge to which he/she has admitted and the possible penalties, that his/her plea is made freely and voluntarily, [and] is accurate and there is a basis in fact for it." (DE 38-1.) Accordingly, given that the conviction attaches when guilt has been established, and that the order clearly indicates that such guilt was established when the guilty plea was entered, the Court overrules Overholser's objection to paragraph 44. Other courts have reached similar holdings with less formal admissions of guilt. *See Birdse v. United States*, No. 13-CV-02894-STA-TMP, 2016 WL 4250476, at *7 (W.D. Tenn. Aug. 10, 2016) (explaining that one criminal history point under §4A1.2(a)(4) was properly assigned where the state court record showed that the defendant "expressed her intention to enter a guilty plea," had arguably "admitted her guilt to the shoplifting charge," and did not deny that she had admitted guilt to the offense); *United States v. Emanuel-Fuentes*, 639 F. App'x 974, 977 (5th Cir. 2015) (partially affirming a lower court's decision to assign a criminal history point under §4A1.2(a)(4) where the defendant admitted his guilt to the conviction in a motion entitled "Motion Requesting Court to Consider Admitted Unadjudicated Offenses During Sentencing" and where the motion stated that "the defendant hereby admits his guilt in [ ] the above mentioned unadjudicated case").

### *(3) Criminal History Points in Paragraph 41*

Overholser next objects to paragraph 41 of the PSR, which assigns three criminal history

points for a burglary conviction under Indiana law. (DE 34 ¶ 41.) According to the PSR, Overholser entered Durham's Sports store in Logansport, Indiana "on both September 13, 2021, and September 19, 2021." (PSR, DE 34 ¶ 43.) During the September 13, 2021, burglary, Overholser stole "pistols, four rifles, a crossbow, and clothing." (*Id.*) It was the theft of these firearms which served as the basis of Overholser's conviction in the instant case under 18 U.S.C. § 922(u). During the burglary on September 19, 2021, Overholser stole two sets of Nike sunglass frames. (*Id.*) This second burglary served as the basis for Overholser's state court burglary conviction, as set forth in paragraph 41 of the PSR.

Overholser argues that the three criminal history points assigned in that paragraph were improper because the September 19, 2021, burglary was relevant conduct to the instant offense. (DE 35 at 8.) If the burglary on September 19, 2021, was relevant conduct to the instant offense, then criminal history points would not be imposed. USSG §4A1.2 comment. (n.1). ("Prior sentence" [for which criminal history points may be awarded] means a sentence imposed prior to sentencing on the instant offense, *other than a sentence for conduct that is part of the instant offense* . . . . Conduct that is part of the instant offense includes conduct that is relevant conduct to the instant offense under the provisions of §1B1.3." (emphasis added)).

Under Guideline §1B1.3(a)(1), relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, included, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]" USSG §1B1.3(a)(1)(A). The subsequent burglary on September 19, 2021, clearly would not be relevant conduct under this subsection, since it did not occur during the

commission of the September 13, 2021, offense, in preparation for that offense, or for the purpose of avoiding responsibility for that offense.

However, relevant conduct also includes, "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described [in Guideline §1B1.3(a)(1)(A)] that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG §1B1.3(a)(2). Overholser asserts that the burglary that occurred on September 19, 2021, was part of the same common scheme, plan, or course of conduct as the instant offense. (DE 38 at 6–9.)

The Court finds that the burglary on September 19, 2021, is not relevant conduct to the instant offense. Even though Overholser argues that the state conviction is part of the same course of conduct, common scheme, or plan as the instant offense, he fails to address whether §3D1.2(d) would require grouping of these counts. This omission is critical because such a grouping is necessary for the September 19, 2021, offense to be relevant conduct under USSG §1B1.3(a)(2).

The Court finds that the September 19, 2021, burglary is not of such a character that Guideline §3D1.2(d) would require grouping it with the September 13, 2021, offense. Under Guideline §2X5.1, if an "offense is a felony for which no guideline expressly has been promulgated, [the court must] apply the most analogous offense guideline." USSG §2X5.1; *see also* USSG §3D1.2(d) (explaining that where an offense is "not listed, grouping under [the] subsection may or may not be appropriate [on] a case-by-case" based upon the facts of the case and the applicable guidelines). Overholser committed the felony of burglary under Indiana Code Section 35-43-2-1, which prohibits individuals from "break[ing] and enter[ing] the building or structure of another person, with intent to commit a felony or theft in it[.]" Ind. Code 35-43-2-1.

7

This crime is most analogous to Guideline §2B2.1, entitled "Burglary of a Residence or a Structure other than a Residence." USSG §2B2.1; *see also United States v. Couch*, 65 F.3d 542, 545 (6th Cir. 1995) (explaining that the "burglary guideline, §2B2.1, is aimed at crimes committed while unlawfully inside a dwelling or other structure" and finding that a state court conviction for entering a motor vehicle with intent to commit a felony was not sufficiently analogous). However, Guideline §3D1.2(d) expressly "exclude[s] from" being grouped offenses where §2B2.1 is the applicable guideline. Furthermore, the commentary makes clear that burglary should not be grouped under §3D1.2(d), explaining that "most property crimes *(except robbery, burglary, extortion and the like*), drug offenses, firearms offenses, and other crimes where the guidelines are based primarily on quantity or contemplate continuing behavior are to be grouped together." USSG §3D1.2, comment. (n.6). Accordingly, the Court finds that the state conviction for burglary would not be grouped with the instant offense under Guideline §3D1.2(d), and therefore is not relevant conduct under §1B1.3(a)(2).

Overholser also argues that because "the crimes were charged against Mr. Overholser in the same Indiana information," they must be "related." (DE 35 at 9.) However, the crimes being charged in the same information does not mean one is relevant conduct to the other under the Sentencing Guidelines. Rather, under Indiana law, offenses may be joined in the same information if they "are of the same or similar character, *even if not part of a single scheme or plan*." Ind. Code § 35-34-1-9(a) (emphasis added). The Guidelines define relevant conduct quite differently and in less sweeping language than joinder under Indiana law. Given that relevant conduct has different requirements than joinder under Indiana law, the mere fact that the crimes were charged in the same information does not demonstrate that they are relevant conduct.

8

Overholser makes no other argument for why the burglary would constitute relevant conduct. Accordingly, the Court overrules the objection to paragraph 41.

**B.      Conclusion**

For the reasons discussed above, the Court overrules Overholser's objections to paragraphs 24, 41, and 44 of the PSR. The Court will set a date for sentencing in a separate text entry.

SO ORDERED.

ENTERED: June 23, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court